**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4571**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

DARIUS HENNING,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:15-cr-00029-IMK-JSK-1)

Submitted:  March 17, 2016          Decided:  March 21, 2016

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Henning appeals his convictions and 63-month sentence imposed following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j)(1), 924(a)(2) (2012). Henning's attorney filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but suggesting as a possible issue for review whether the district court committed reversible error when it declined to impose a downward variant sentence to account for time Henning will serve in state custody for parole revocation for conduct related to his federal crimes. Henning has filed a pro se supplemental brief asserting he received ineffective assistance of counsel. The Government has declined to file a responsive brief. Finding no error, we affirm.

We review Henning's sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires our consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and

2

sufficiently explained the selected sentence.  Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010).  If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]"  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 421 (2014).

We conclude that Henning's sentence is reasonable.  The district court correctly calculated Henning's Guidelines range, listened to counsel's argument, afforded Henning an opportunity to allocute, and adequately explained its reasons for imposing the 63-month, within-Guidelines sentence.  We find no reversible error in the district court's failure to impose a downward variant sentence.  First, counsel never requested a downward variant sentence.  Moreover, ordering Henning's federal sentence to run consecutive to any state sentences he was then serving is consistent with the Guidelines, and the district court thoroughly justified its sentence under the § 3553(a) factors.  See USSG § 5G1.3 (2014).  Accordingly, Henning's Guidelines

3

sentence is presumptively substantively reasonable, see United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we discern no basis in the record to overcome this presumption.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court requires counsel to inform Henning, in writing, of the right to petition the Supreme Court of the United States for further review. If Henning requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Henning. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent Henning argues that trial counsel was ineffective, we conclude that he has not made the requisite showing to assert an ineffective assistance claim on direct appeal and that this claim should be raised, if at all, in a motion under 28 U.S.C. § 2255 (2012). See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) ("Ineffective assistance claims are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." (internal quotation marks omitted)).

4